IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAUREL BEAR, | ) | 4:05CV3283 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This is an appeal of a final agency decision under the Social Security Act. In lieu of a brief on the merits, the defendant has filed a Motion to Reverse and Remand (filing 14) pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel has not filed an objection to the motion.

The defendant's brief in support of its motion states that upon Agency Counsel's recommendation, the Appeals Council determined that a remand for additional proceedings before an Administrative Law Judge was appropriate. The defendant requests that this matter be reversed and remanded to the Administrative Law Judge who should properly evaluate and provide appropriate weight to Dr. Soban's opinion, provide a proper drug and alcohol abuse analysis with a well-supported residual functional capacity finding both with and without the effects of substance abuse, determine whether Plaintiff's past work experience was performed at substantial gainful activity levels, and obtain supplemental vocational expert evidence, if necessary.

Because the court construes the defendant's Motion to Reverse and Remand as a concession of error at the administrative level which brings into question the decision below, and because the government specifically concedes that this matter

should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), I shall reverse and remand this matter to the Commissioner for the above-stated reasons.

Accordingly,

IT IS ORDERED that:

1.     Defendant's Motion to Reverse and Remand (filing 14) is granted;

2.     This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) in order to allow the Commissioner to (1) properly evaluate and provide appropriate weight to Dr. Soban's opinion; (2) provide a proper drug and alcohol abuse analysis with a well-supported residual functional capacity finding both with and without the effects of substance abuse; (3) determine whether Plaintiff's past work experience was performed at substantial gainful activity levels; and (4) obtain supplemental vocational expert evidence, if necessary.

3.     Judgment shall be entered by separate document.

May 19, 2006.

                              BY THE COURT:
                              *s/Richard G. Kopf*
                              United States District Judge

2