## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAUREL BEAR, | ) | 4:05CV3283 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

On May 19, 2006, and at the government's request, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Filings 16 & 17.) On July 26, 2006, Plaintiff was awarded attorney fees in the amount of $4,726.05 for 29.4 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Filings 20 & 21.) Now pending before the court is Plaintiff's second motion for attorney fees—a request filed pursuant to 42 U.S.C. § 406(b),[2] as opposed to the EAJA. (Filing 22.)

---

[1]According to the Social Security Administration's website, Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. *See* http://www.ssa.gov/pressoffice/pr/astrue-pr.htm. Accordingly, he is substituted as the defendant.

[2]Section 406(b) provides in part:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject

Attorney fees awarded under the EAJA are paid by the Social Security Administration, whereas fees awarded under 42 U.S.C. § 406(b), part of the Social Security Act, are paid from the claimant's past-due benefits. "In light of the . . . inherent conflict between the claimant and the attorney regarding fees under § 406(b), it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so." 4 Soc. Sec. Law & Prac. § 49:140 (Mar. 2008) (footnotes omitted). In this case, Plaintiff's counsel properly applied for, and received, $4,726.05 in EAJA fees before requesting $10,288.50 in fees under section 406(b).

In support of his section 406(b) motion, Plaintiff's counsel has filed evidence establishing that he and Plaintiff entered into a contingent-fee agreement on June 4, 2003, providing that if the "claim is awarded . . . following an order of remand issued by . . . a Federal Court, the fee shall be 25% of the total accrued payable to CLIENT . . . ."; that after this court's order of remand, the ALJ entered a fully favorable decision for the plaintiff on January 31, 2007; that an Authorization to Charge and Collect Fee in the amount of $3,750.00 was approved by the Regional Chief Administrative Law Judge on November 27, 2007, but such amount has not yet been received by counsel; that $4,726.05 in EAJA attorney fees was awarded to Plaintiff by this court on July 26, 2006; that the Commissioner of Social Security advised Plaintiff's counsel by letter dated November 13, 2007, that it was "withholding the amount of $14,038.50 which represents 25 percent of the past-due benefits in anticipation of direct payment of an authorized attorney's fee"; that plaintiff Laurel Bear agrees that $10,288.50 ($14,038.50 withheld for counsel's benefit by the Social Security Administration minus the $3,750.00 already approved by the Regional Chief

---

to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

2

Administrative Law Judge for work performed by counsel before the ALJ) "is reasonable for the work performed and based on our agreement"; and that if counsel's request for $10,288.50 in section 406(b) fees is granted, counsel "will refund to the plaintiff the amount of the EAJA fee ($4,726.05)." (Filing 22 & Attached Exhibits.)

The defendant does not object to counsel's section 406(b) fee request, but asks that "if the Court awards attorney fees under section 406(b), it order counsel to refund the smaller fee to Plaintiff" and that the court "award a reasonable fee." (Filing 25, Def.'s Response to Pl.'s Mot. Att'y Fees at 2 & 4.)

The Supreme Court has concluded that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002) ("lodestar" method of multiplying reasonable hours by reasonable hourly fee should not be used in calculating fees under section 406(b)). Specifically, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186." *Id.* at 796. *See also* Charles T. Hall, *Social Security Disability Practice* § 6:82 (July 2007) ("Congress anticipated that fees approved under the EAJA and under 42 U.S.C.A. § 406(b) would differ. This is to be expected since the fees are computed in different ways. The EAJA contains an hourly rate cap that is not included in the Social Security Act and the Social Security Act permits consideration of contingency, which the EAJA probably does not.").

Section 406(b) requires court review of contingent-fee agreements between Social Security benefit claimants and their attorney "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to

3

the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* (citations and footnotes omitted). Courts that have examined contingent-fee agreements for reasonableness have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. An attorney's fee award under section 406(b) may also be reduced if the "attorney is responsible for delay" such that he or she would "profit from the accumulation of benefits during the pendency of the case in court." *Id.* Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

Considering the factors discussed in *Gisbrecht*, I conclude that Plaintiff's counsel in this case has requested a reasonable attorney's fee under 42 U.S.C. § 406(b). He has requested no more than the statutory limit of 25 percent of total past-due benefits. Counsel frequently represents social-security claimants in this court, and he provides competent and good-quality work for his clients. In this case, for example, he wrote a thorough brief (filing 11) citing portions of a voluminous record, which resulted in the government confessing error. These favorable results would not have occurred without counsel's able representation and experience in the field.

Having been a magistrate and district judge for over 20 years with substantial experience in handling Social Security appeals, I conclude that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high, especially in cases involving substance abuse and dependence, as in this case. Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate.[3] *See Smith v. Astrue*,

---

[3]Plaintiff's counsel has filed with the court a document indicating the plaintiff's opinion that "the requested fee of $10,288.50 is reasonable for the work performed

4

No. 04-2197-CM, 2008 WL 833490 (D. Kan. Mar. 26, 2008) (awarding counsel $15,000 under section 406(b) for 38.5 hours of work); *Alfaro v. Astrue*, No. 3:99-cv-1152-J-HTS, 2008 WL 816942 (M.D. Fla. Mar. 25, 2008) (awarding counsel $8,300 under section 406(b) for 13.25 hours of work); *Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008 WL 783634 (M.D. Fla. Mar. 21, 2008) (awarding counsel $28,767.10 under section 406(b) for 26.4 hours of work); *Robbins v. Barnhart*, No. 04-1174 MLB, 2007 WL 675654 (D. Kan. Feb. 28, 2007) (awarding counsel $22,785 under section 406(b) for 112.85 hours of work); *Whitehead v. Barnhart*, No. 01-0095-CV-SW2SSAECF, 2006 WL 910004 (W.D. Mo. Apr. 7, 2006) (awarding counsel $10,448.75 under section 406(b) for 28.25 hours of work); *Mitchell v. Barnhart*, 376 F. Supp. 2d 916 (S.D. Iowa July 15, 2005) (awarding counsel $7,293.50 under section 406(b) for 22.25 hours of work); *Wallace v. Barnhart*, No. C01-4108-MWB, 2004 WL 883447 (N.D. Iowa Apr. 22, 2004) (awarding counsel $4,750 under section 406(b) for 26.25 hours of work).[4]

Accordingly, I shall grant the motion for attorney fees filed by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) (filing 22) in the amount of $10,288.50, and I shall order counsel to refund to Plaintiff the $4,726.05 in attorney fees previously awarded under the EAJA.

IT IS ORDERED:

1.      The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (filing 22) filed by Plaintiff's counsel is granted in the amount of $10,288.50, which shall be paid from the 25 percent of Plaintiff's past-due benefits that is being held by the

---

and based on our agreement."  (Filing 22-5.)

[4]The court realizes that the "lodestar" approach is inapplicable in 42 U.S.C. § 406(b) cases, but total fees awarded for a certain amount of hours worked is a useful way to compare counsel's fee request in this case and awards made in other cases.

Social Security Administration for direct payment to counsel of an authorized attorney fee;

2.     Plaintiff's counsel is directed to refund to the plaintiff $4,726.05, which is the amount of attorney fees previously awarded to counsel under the EAJA.

April 17, 2008.

                                        BY THE COURT:
                                        s/ *Richard G. Kopf*
                                        United States District Judge